UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

**Filed On
8/2/07**

In re:

THE TERRACES SUBDIVISION, LLC,

Debtor.

Case No. A07-00048-DMD
Chapter 11

**MEMORANDUM REGARDING RELIEF FROM STAY
AND PLAN EXCLUSIVITY**

Debtor The Terraces Subdivision, LLC ("Terraces"), filed for chapter 11 relief on February 7, 2007. Terraces' major asset consists of 40 acres of real property commonly referred to as the Checkpoint Subdivision. The parcel is divided into two parts. The northern 20 acres is currently undeveloped, while the southern portion is partially developed into a condominium type subdivision. The debtor scheduled the value of the 40 acre parcel at $18 to $20 million. Charles D. Aalfs was listed as Terraces' primary secured creditor with a disputed claim of between $3.5 and $9 million. The debtor listed additional secured creditors with claims totaling $2,255,186.20.

The Checkpoint Subdivision constitutes "single asset real estate" as defined in 11 U.S.C. § 101(51B),[1] making Terraces subject to the provisions of 11 U.S.C. § 362(d)(3). This subsection provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> . . . .
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief . . . or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later –
>
> > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> >
> > (B) the debtor has commenced making monthly payments . . . [2]

On April 27, 2007, Terraces filed a motion to extend the 90 day deadline for filing a plan set by 11 U.S.C. § 362(d)(3), and requested a hearing on shortened time. The debtor filed a motion for a priming loan of $560,000.00 on May 3, 2007. Aalfs filed timely

---

[1] "Single asset real estate" is defined as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B).

[2] 11 U.S.C. § 362(d)(3).

2

oppositions to both of these motions. Short extensions of the § 362(d)(3) deadline were granted after hearings on May 4 and 21, 2007. In the interim between these two hearings, on May 18, 2007, Terraces filed a chapter 11 plan. A final hearing on the debtor's two motions was held on May 24, 2007.

At the May 21 and 24 hearings, Terraces and Aalfs provided expert testimony regarding the value of the Checkpoint Subdivision. I issued oral findings of fact and conclusions of law the day after the close of this testimony, on May 25, 2007. With regard to the debtor's request for a further extension of the § 362(d)(3) deadline, I found that the debtor had filed a plan on May 18, 2007, and that the plan had a reasonable possibility of being confirmed within a reasonable period of time. Based on these findings, I concluded that the debtor's request for a further extension of time under § 362(d)(3) was moot and would be denied. With regard to the request for a priming loan, I found that the appraisal of the real property provided by Terraces' expert, Rick Richter, was the more persuasive of the two submitted. I found that the Checkpoint Subdivision had a value in excess of $12 million and that this value provided adequate protection of Aalfs' security interest, even with the allowance of the $560,000.00 priming loan requested by Terraces.

The same day my oral findings and conclusions were issued, on May 25, 2007, two orders were entered in this case. One granted Terraces' motion for the priming loan; the other denied Terraces' request for a further extension of the § 362(d)(3) deadline. No appeal or request for reconsideration was filed with respect to either order.

Aalfs filed a motion for relief from stay on June 26, 2007. He argues that Terraces has not satisfied the requirements of § 362(d)(3) because it has not filed a plan that has a reasonable chance of being confirmed within a reasonable time. He says there are a number of problems with Terraces' pending plan which make it unfeasible. He notes that no disclosure statement was filed with the plan. He also says the plan will not provide sufficient payments to satisfy his secured claim and violates the absolute priority rule. Aalfs further argues that the debtor is foreclosed from amending or modifying its pending plan at this date in order to satisfy the requirements of § 362(d)(3). Aalfs says "the debtor must stand or fall on the strength of the existing plan." He contends relief from stay is mandatory under these circumstances.

In my prior oral findings, issued on May 25, 2007, I found that Terraces' pending plan had satisfied the standard found in § 362(d)(3). The issue to be addressed now is whether Aalfs is estopped from raising this issue in the context of his motion for relief from stay. The doctrine of collateral estoppel may be applied when the following elements are met:

> (1)  there was a full and fair opportunity to litigate the issue in the previous action;
>
> (2)  the issue was actually litigated in that action;
>
> (3)  the issue was lost as a result of a final judgment in that action; and

4

>    (4)    the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.[3]

I find that elements 1 and 2 are not satisfied here. Terraces' initial motion for extension of the § 362(d)(3) deadline was filed April 27, 2007. That motion, just seven pages long, detailed the debtor's optimism that a viable plan of reorganization could be proposed. No actual plan was attached to the motion, however. Aalfs responded with a six page opposition on May 4, 2007. He countered the debtor's optimism with a pessimistic view that no viable plan could be filed and no extension should be granted. Aalfs filed a second opposition to the motion for extension on May 17, 2007, in which he also opposed the debtor's motion for a priming loan. Terraces' pending plan wasn't filed until the following day, after the briefing on the motions for extension and for a priming loan had been completed and just days before the evidentiary hearings held on May 21 and 24, 2007. The predominant focus of these two evidentiary hearings was the valuation of the Checkpoint Subdivision and the impact of the proposed priming loan on Aalfs' security position. This court reviewed Terraces' proposed plan summarily in the context of those hearings. Whether the plan was arguably feasible or confirmable was not substantively addressed by either the parties or the court. Given the focus of the hearings and the short time frames involved, Aalfs did not have a full and fair opportunity to litigate the issues he now raises in his motion

---

[3] *United States Internal Revenue Service v. Palmer (In re Palmer)*, 207 F.3d 566, 568 (9th Cir. 2000).

5

for relief from stay. Under these circumstances, I conclude that Aalfs is not estopped from arguing that Terraces' pending plan doesn't satisfy the standard found in § 362(d)(3).

Aalfs argues that Terraces' plan doesn't provide for full payment of his secured claim. He is right. Based on the Richter appraisal, the present value of the Checkpoint Subdivision is in excess of $12 million. Terraces plans to liquidate the property over a period of four years. The plan states that "Aalfs will be paid the percentage from Net Proceeds specified in ¶ 2.5 from R-3 Lot Sales and from sale of the R-4 Property up to the amount necessary to pay in full his allowed secured claim."[4] Paragraph 2.5 of the plan provides that 60% of the net proceeds from sale will be payable to Aalfs. But 60% of $12 million is just $7.2 million. Aalfs' most recently amended proof of claim, filed May 24, 2007, is a secured claim for $9.1 million. The proposed plan payments will not fully amortize Aalfs' claim.

Terraces argues that Richter's appraisal numbers are heavily discounted and that such discounts would not necessarily apply to payments in a plan of reorganization. I agree with this theory but, even so, Terraces' pending plan doesn't pan out for full payment to Aalfs. Even if the projected cash flows for the southern, partially improved portion of Checkpoint Subdivision were not discounted,[5] the net cash flow still totals just $11.6 million over four years. Sixty percent of $11.6 million is $6.96 million. The northern, unimproved portion of the subdivision was given a value of $5.4 million. Adding 60% of this figure, or $3.24 million, to the net cash flow total for the northern portion, $6.96 million, yields a total

---

[4] *See* Debtor's Plan of Reorganization, filed 2007, (Docket No. 79) at p. 2.

[5] *See* Market Value Appraisal of Richter & Stone, filed May 23, 2007 (Docket No. 87), at p. 33.

6

payment of just $10.2 million over four years. This sum won't amortize Aalfs' secured claim, which is already approaching $10 million with accrued post-petition interest.

In the context of § 362(d)(3), the standard for evaluating a plan is that it has a reasonable possibility of being confirmed within a reasonable time. While a full blown confirmation hearing is not required to make this determination, the debtor must propose a plan that is "arguably confirmable."[6] Because Terraces' pending plan will not pay Aalfs' claim in full, it is not confirmable in its present form.

Aalfs says termination of the stay is mandatory under these circumstances. I disagree with his absolute interpretation of § 362(d)(3). A debtor's failure to satisfy the requirements of § 362(d)(3) "mandates a termination, annulment, modification, or conditioning of the stay."[7] The court retains discretion, even under § 362(d)(3), to fashion less than absolute stay relief. As one court has noted:

> While Congress may have enacted § 362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3). The language of the statute unambiguously states that the court "**shall grant relief** from the stay provided under subsection (a) of this section, such as **by terminating, annuling, modifying, or conditioning such stay**" if the debtor has failed to file a feasible plan within 90 days of the order for relief or has failed to

---

[6]*In re Heather Apartments Ltd. P'Ship*, __ B.R. __, 2007 WL 926299 at 4 (Bankr. D. Minn. 2007).

[7]*Id.* at 1.

7

> commence monthly payments to the secured creditor "in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate." In other words, granting relief does not necessarily mandate termination of the automatic stay.
>
> Therefore, unless and until Congress limits this discretionary power of the Court to terminate, annul, modify **or** condition the stay, the court is free to fashion the relief appropriate for the [debtor's] failure to meet § 362(d)(3)(A) or (B).[8]

The court went on to condition the stay by allowing the debtor a definite period of time in which to obtain confirmation despite having missed the 90 day deadline to file a plan. If the debtor failed to obtain confirmation by that date, the stay would terminate without further action on the part of the secured creditor or the court. I feel Aalfs is entitled to similar relief here.

In this case, Terraces presented persuasive expert testimony early on which showed that it had the capability of presenting a feasible and workable chapter 11 plan. It was on this basis that I reached my initial finding that the debtor's liquidating plan had a reasonable possibility of confirmation within a reasonable time. Closer inspection has revealed that the current projected plan payments to Aalfs will not pass confirmation muster. However, based on the numbers in the Richter appraisal, there is still the promise that Terraces can propose a plan that would not only pay Aalfs in full but provide substantial

---

[8]*Condor One v. Archway Apartments, Ltd. (In re Archway Apartments, Ltd.),* 206 B.R. 463, 465 (Bankr. M.D. Tenn. 1997) (citations omitted, emphasis in original).

payments to its other creditors. I feel the debtor should be allowed a chance to proceed to confirmation. Terraces will be given a short fuse, however. The debtor must obtain confirmation of a plan by October 26, 2007. Failure to do so will result in termination of the stay without further action on the part of Aalfs or the court.

  Terraces has also moved to extend the plan exclusivity period. Its motion will be granted, in part. The debtor will have the exclusive right to file a plan up to October 26, 2007. Based on my findings above with regard to Aalfs' motion for relief from stay, however, Terraces' request for the exclusive right to obtain approval of a plan, through December 31, 2007, will be denied.

  An order will be entered consistent with this memorandum.

  DATED: August 2, 2007

        BY THE COURT

        /s/ Donald MacDonald IV
        DONALD MacDONALD IV
        United States Bankruptcy Judge

Serve: J. Seimers, Esq.
   D. Bundy, Esq.
   U. S. Trustee

  08/02/07