# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

THE TERRACES SUBDIVISION, L.L.C.,

   Debtor.

Case No. A07-00048-DMD
Chapter 11

**Filed On 12/5/07**

## MEMORANDUM ON MOTION FOR TURNOVER

The debtor has filed a motion for turnover of recorded information in the possession of LanTech, Inc. LanTech is a surveying firm that performed work for the debtor before the chapter 11 petition was filed. It has provided the debtor with signed paper copies of its site plan, as well as a digital copy of the approved site plan, in Adobe pdf format, for the Checkpoint Subdivision. The debtor seeks turnover of LanTech's plan in an electronic format which is capable of manipulation, AutoCAD, so that other surveying firms which the debtor is using, post-petition, can prepare plot plans as needed in conjunction with sales of lots in the subdivision. The plot plans would address the issue of configuring the prospective buyer's building design with the building lot, and show how the intended structures would comply with set back, easement, and other requirements. These plot plans must be filed with and reviewed by the Municipality before lot sales can close.

The debtor contends that it needs LanTech's site plan in AutoCAD format so that any required adjustments needed for lot sales can be made by a draftsman on a computer. Terraces says the plot plans for the first five lot sales in Checkpoint Subdivision could be prepared in a matter of a few hours if LanTech's digital records are provided. If the debtor can't get these records, it says substantial re-drawing of the plan and a great deal of draftsman's work would be required to prepare the plot plans. Additionally, it will impair the debtor's ability to meet plan deadlines.

LanTech disputes the debtor's contentions. It argues that the debtor has already received records from it in accordance with standard industry practice. LanTech claims a common law copyright on its work. It contends the Municipality will accept hand-drafted changes to its plan for the purposes of the lot sales. LanTech also says a skilled draftsman could, using the version of the plan it has already provided in Adobe pdf format, recreate its site plan in a form capable of manipulation. Finally, LanTech expresses concern that the debtor may release its site plan to a competitor, who could profit from its work on the Checkpoint project. As to this point, the debtor says the records it seeks from LanTech would be used solely for its use, and for the use of buyers who purchase lots from it. It would agree to a provision in any turnover order that prohibited the debtor or any of its surveyors from using the records for any other purpose.

The debtor relies primarily on 11 U.S.C. § 542(e) for turnover of the records. This subsection is "directed to persons holding recorded information that is not property of the estate but is otherwise relevant to the debtor's property or financial affairs."[1] Section 542(e) provides:

> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.[2]

---

[1] *Faulkner v. Kornman (In re The Heritage Org., L.L.C.)*, 350 B.R. 733, 737 (Bankr. N.D.Tex. 2006), citing *In re Blinder, Robinson & Co.*, 140 B.R. 790, 793 (D. Colo. 1992).

[2] 11 U.S.C. § 542(e) [Thomson/West 2007].

2

Relief under § 542(e) is discretionary and the court can fashion appropriate safeguards to protect the rights of the other party in interest.[3]  A party asserting a privilege under § 542(e) has the burden of establishing entitlement to the asserted privilege.[4]

The legislative history of § 542(e) states:

> Subsection (e) requires an attorney, accountant or other professional that holds recorded information relating to the debtor's property or financial affairs, to surrender it to the trustee.  This duty is subject to any applicable claim of privilege, such as attorney-client privilege.  It is a new provision that deprives accountants and attorneys of the leverage they have today, under State law lien provisions, to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate.[5]

The AutoCAD files which the debtor seeks are electronic files, analogous to Word Perfect or Word files which may be retained by attorneys or Lacerte and Quickbooks electronic files retained by accountants.  The court could order an attorney or accountant to turn such records over to a debtor under § 542(e).  I see no basis for treating AutoCAD or other electronic files created by land surveyors any differently.  Nor do I find that LanTech has established a privilege which would entitle it to retain these records.  By LanTech's own admission, its site plan could be recreated from the records it has already provided to the debtor.  LanTech doesn't assert that this act would violate the common law copyright it

---

[3] 5 *Collier on Bankruptcy* ¶ 542.06[1] (15th ed. revised 2007).

[4] *Heritage*, 350 B.R. at 739.

[5] S. Rep. No. 95-989, at 84 (1978).

claims to have. If re-creation of the site plan wouldn't violate the claimed copyright, neither would creation of the site plan utilizing LanTech's AutoCAD file.

There is no question that LanTech's AutoCad or other electronic files of the site plan relate to the debtor's property or affairs. I conclude that LanTech must turn the electronic files over to the debtor. However, because LanTech has expressed legitimate concerns over the potential for unauthorized use of these records, conditions for their use will be imposed. Absent further order of this court, the electronic files which LanTech must turn over may only be used by the debtor, and any surveyors working in conjunction with the debtor, to prepare plot plans for sales of lots in the Checkpoint Subdivision in accordance with the provisions of the confirmed chapter 11 plan. Any unauthorized use of LanTech's electronic files will be considered a contempt of this court, which may result in the imposition of monetary and other sanctions.

An order will be entered consistent with this memorandum.

DATED: December 5, 2007

                                                   BY THE COURT
                                                   /s/ Donald MacDonald IV
                                                   DONALD MacDONALD IV
                                                   United States Bankruptcy Judge

Serve:  J. Siemers, Esq.
         T. Gingras, Esq.*
         L. Gould, Esq.
         E. LeRoy, Esq.
         U. S. Trustee
                       12/05/07

*courtesy copy served via facsimile 12/5/07* - aam